In the Matter of the Application of CHARLES F. BANDEL, Respondent, for a Peremptory Writ of Mandamus against THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Appellant.

Second Department, June 12, 1908.

**Mandamus — osteopaths are physicians — right to register and issue death certificates.**

Osteopaths are made practitioners of medicine and physicians by chapter 344 of the Laws of 1907, and, except for the restrictions imposed thereby, are entitled to all rights and subject to all the penalties of other physicians and medical practitioners.

An osteopath, therefore, can compel the department of health of the city of New York to register him in the list of physicians of the city and to accept death certificates from him as from physicians not osteopaths.

APPEAL by the defendant, The Department of Health of the City of New York, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 18th day of May, 1908, granting the petitioner's motion for a peremptory writ of mandamus.

*James D. Bell* [*Francis K. Pendleton* with him on the brief], for the appellant.

*Martin W. Littleton* [*Frederick Allis* with him on the brief], for the respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice DICKEY at Special Term.

WOODWARD, JENKS, HOOKER, GAYNOR and MILLER, JJ., concurred.

The following is the opinion delivered at Special Term:

DICKEY, J.:

Charles F. Bandel, a regularly licensed and practicing osteopath, applies for a peremptory writ of mandamus directed to the department of health of the city of New York, requiring said department to register him in the list of physicians of the city of New York and to accept from him death certificates the same as they do from

physicians who are not osteopaths. The department has refused to so register him under the claim that he is not a physician and does not practice medicine.

Before any recognition by statute was given to the practitioners of osteopathy, section 153 of the Public Health Law* had a provision making it a misdemeanor for any one to "practice medicine" without license and lawful registration, and one E. Burton Allcutt was prosecuted and convicted under this act. On his appeal it was held (*People* v. *Allcutt*, 117 App. Div. 546) that one not licensed to practice medicine who advertises himself as a doctor practicing *mechano neural therapy* who takes patients, makes diagnoses and prescribes diet and conduct and who asserts the power to "cure all diseases that any physician can cure without drugs, and also diseases that they cannot cure with drugs," and takes payment for consultation and treatment, was properly convicted of a violation of the statute, although he administered no medicine nor used surgical instruments.

So it seems that "the practice of medicine" does not consist in merely administering drugs or the use of surgical instruments, the court saying: "'The day has passed when it was thought that a physician's advice was of no use unless he ordered a dose of medicine.'"

By chapter 344 of the Laws of 1907† what was meant by practitioners of medicine was clearly defined in these words: "A person practices medicine within the meaning of this act, except as hereinafter stated, who holds himself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, and who shall either offer or undertake, by any means or method, to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition."

By this same act osteopathy is recognized and its practice is regulated with the provision for the admission to practice of those qualified.

In my opinion the lawmakers intended to and do make osteopaths practitioners of medicine and also make them physicians

---

* See Laws of 1893, chap. 661, § 153, as amd. by Laws of 1895, chap. 398, and Laws of 1905, chap. 455.— [REP.

† See § 1, subd. 7.— [REP.

because subdivision 8 of section 1 of this act says that a physician means a practitioner of medicine. It is claimed that the practice of osteopathy first began in the State of Missouri. By the statutes of that State (R. S. Mo. 128*) it is specifically provided that osteopathy is not the practice of medicine. It was in the power of our Legislature to make a similar provision, but they did not do so, but on the contrary they defined the practice of medicine so that it must be interpreted to include the work done by osteopaths in the practice of their profession.

The Sanitary Code of the city of New York† provides that the word "physician" shall include every person who practices about the cure of the sick or injured or who has charge of any person sick, injured or diseased, etc.

So it is clear to my mind that osteopaths are physicians and practice medicine, and except for the restrictions put on them by chapter 344 of the Laws of 1907, prohibiting them from administering drugs and performing surgery with use of instruments, they are entitled to all the rights and subject to all the penalties of other physicians and medical practitioners.

The fact that their degree is D. O. instead of M. D. makes no difference so far as their right to register and grant death certificates is concerned.

The study required of them before their admission is of such a general and extensive character as to fully fit them to certify as to the cause of death of a patient.

Mandamus asked for granted, with fifty dollars costs.

---

* See R. S. Mo. 1899, chap. 128, art. 4; Id. § 8537 *et seq.* See, also, Laws Mo. of 1903, p. 248, as amd. by Laws of Mo. of 1907, p. 369. See Mo. Anno. Stat. 1906, § 8539-1 *et seq.*— [REP.

† See Code of Ordinances, pt. 1, chap. 14, § 5; Cosby's Code Ord. (Anno. 1907) 123, § 5.— [REP.